# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER S. TIMOTHY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ONEIDA COUNTY, a political subdivision of the state of Idaho; DUSTIN W. SMITH, individually and in his capacity as Prosecuting Attorney for Oneida County, Idaho; SHELLEE DANIELS, DALE F. TUBBS and MAX C. FIRTH, individually and in their capacities as Oneida County Commissioners,<br><br>    Defendants. | Case No. 4:14-cv-00362-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court is Defendants' Motion to Quash Subpoena and Motion for Protective Order (Dkt. 27). Pursuant to the Court's discovery dispute procedure outlined in the Case Management Order, the parties contacted Court staff in attempt to mediate a pending discovery dispute. Unable to resolve the issues, Defendants move to stay discovery and quash several subpoenas. For the reasons set forth below, the Court will grant Defendant's motion in part and deny it in part.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Heather Timothy was fired from her position as legal secretary to Oneida County Prosecutor Dustin Smith after she reported Smith for allegedly misappropriating public funds. In August 2014, Timothy filed this lawsuit. The original amended complaint named Oneida County, Smith, and County Commissioners Shellee Daniels, Dale Tubbs, and Max Firth as defendants and asserted claims for (1) injunctive and declaratory relief for First and Fourteenth Amendment violations, (2) retaliatory discharge in violation of the First Amendment, (3) denial of due process in violation of 42 U.S.C. § 1983, (4) wrongful termination in violation of state law, (5) negligent infliction of emotional distress, (6) termination of private employment in violation of public policy, (7) intention infliction of emotional distress, and (8) conspiracy claims against the Commissioner defendants tied to the First Amendment claim and the Fourteenth Amendment due process claim.

Defendants moved to dismiss the amended complaint, which the Court partially granted. Specifically, the Court dismissed, *with leave to amend*, (1) the First Amendment claim as to the Commissioner defendants (Count II), (2) the property-interest claim alleged within the due process claim (Count III) as to the Commissioner defendants, (3) the claim for negligent infliction of emotional distress as to the Commission defendants (Count V), (4) the claim for intentional infliction of emotional distress, alleged against Smith only (Count VII), and (5) the conspiracy claims associated with First Amendment and the Fourteenth Amendment property-interest claims. The Court dismissed, *without*

*leave to amend*, the liberty-interest claim encompassed within the due process claim (Count III), and the accompanying conspiracy claim.

Timothy has filed a Second Amended Complaint (Dkt. 25), re-alleging all those claims dismissed with leave to amend. In addition, Timothy has filed a motion to reconsider the Court's decision denying Timothy the opportunity to amend her liberty-interest and accompanying conspiracy claim. Defendants have moved to dismiss the Second Amended Complaint and have opposed the motion to reconsider.

This discovery dispute arose when Timothy notified defense counsel, Bruce Castleton, that she intended to serve third party subpoenas directed to: (1) Lt. Kyle Fullmer, Idaho State Police; (2) private attorney Mark L. Heideman, who served as a special prosecutor in connection with an investigation into Defendant Smith; (3) Sheriff Jeffery Semrad, Oneida County Sheriff's Office; and (4) Bruce J. Castleton.  Each subpoena directs the recipient to appear for a deposition and requests production of documentation related to various communications and the appointment of a special prosecutor in connection with the investigation of Dustin Smith. *Castleton Decl.* ¶ 2, Exs. A-D.

Mr. Castleton contacted Mr. Hearn and objected to the subpoenas on the grounds that "most if not all of what they seek is moot in light of the Court's recent order partially dismissing the claims against Defendants, including relevant here the liberty-interest and conspiracy claims against Defendants…." *Defs' Opening Br.*, p. 2, Dkt. 27-1. Mr. Castleton also objected to the subpoena served against him on the grounds that his

deposition would raise attorney-client privilege issues. Mr. Hearn, in response, indicated that his client, Timothy, would be proceeding with the subpoenas and would not agree to a stay of discovery.

Unable to informally resolve these issues, Defendants now file a motion to quash the subpoenas and a motion for protective order staying all discovery pending resolution of Timothy's motion to reconsider and Defendants' recently-filed motion to dismiss the Second Amended Complaint.

## ANALYSIS

### 1. Motion for Protective Order to Stay Discovery

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order. A party seeking such an order must show "good cause." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Ca. 1990). A party seeking to stay discovery carries an even heavier burden and must make a "strong showing" for why discovery should be denied. *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citing Wright & Miller, Federal Practice and Procedure, § 2035).

In this case, Defendants have not made a "strong showing" justifying a stay of *all* discovery; rather, Defendant merely urge that discovery should be stayed pending Court's ruling on its motion to dismiss. Defendants have done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This "[i]dle speculation does

not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt Defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. *Gray*, 133 F.R.D. at 40.

Defendants, however, argue that the information Timothy seeks through the third-party subpoenas only relates to Timothy's dismissed liberty-interest claim. Timothy has subpoenaed Sheriff Semrad, to whom she reported Smith's alleged misappropriation of public funds. Timothy alleges that she was terminated, at least in part, "because she was perceived to have been communicating negative information about Prosecutor Smith to the Sheriff. *Sec. Am. Compl.* ¶ 38, Dkt. 25. Given his involvement in the events that allegedly led to Timothy's termination, he would appear to be a key witness, and not just have information relating to the dismissed liberty-interest claim.

Likewise, Mark Heideman, as the special prosecutor assigned to investigate Smith, and Lt. Kyle Fuller of the Idaho State Police, who also investigated Smith's alleged misappropriation of funds, could have information that might bear on the various other claims Timothy has alleged apart from the liberty-interest claim.  For example, they might have information that might bear on Timothy's allegations that the Commissioner defendants conspired with Smith in denying Timothy her constitutional rights under the

**MEMORANDUM DECISION AND ORDER - 5**

First and Fourteenth Amendments (two claims that currently remain in the case). In addition, after Lt. Fulmer's investigation of Smith had concluded, on January 30, 2014, Lt. Fulmer interviewed Timothy about criminal investigation into Smith. *Sec. Am. Compl.* ¶ 74, Dkt. 25. Four days later, on February 4, Timothy received a Notice of Pending Personnel Action, which indicated she may have been involved in acts or omissions that could subject her to discipline. *Id.* ¶ 75. Given the proximity between these two events, it is possible that Lt. Fulmer may have information relating to the Smith's decision to issue the Notice. These are just a couple examples of relevant information that the subpoenaed witnesses may possess.

Finally, the Court also believes that Mr. Castleton could have information relevant to claims apart from the liberty-interest claim, but the proposed deposition of Mr. Castleton, as counsel for the defense, raises distinct issues, which the Court will address below.

**2. Castleton Subpoena**

The U.S. Supreme Court has held that discovery of facts possessed by an attorney is proper where the facts are relevant, non-privileged, and essential to preparation of one's case. *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Similarly, the Ninth Circuit has held that blanket assertions of privilege are extremely disfavored. *U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002). And when a party challenges discovery of information from counsel based on privilege, the challenging party has the burden of establishing the

relationship and privileged nature of the communication. *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997).

But "[t]he strong presumption against a blanket assertion of privilege while normally appropriate and necessary, must be abandoned where a party seeks to depose trial counsel." *Melaleuca, Inc. v. Bartholomew*, No. 4:12–cv–00216–BLW, 2012 WL 3544738, *2 (D. Idaho August 16, 2012) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327–28 (8th Cir.1986)). Instead, because Timothy seeks to depose trial counsel, she must establish that "the information sought (1) cannot be obtained through other means; (2) is relevant and not covered by privilege or the work-product doctrine; and (3) is necessary in preparing their case." *Id.* (citing *Shelton,* 805 F.2d at 1327–28).

"It is rare for this standard to be satisfied," *Stewart Title Guar. Co. v. Credit Suisse*, No. 1:11–cv–227–BLW, 2013 WL 4763949, *1 (Sept. 4, 2013), and, at least at this juncture, this case is no different. Indeed, this issue can be dispensed with under the first factor. Timothy has made no effort to show that the information she seeks from Mr. Castleton cannot be obtained through other means. Discovery has not even begun in this case. It is not only possible, but likely, that the other individuals Timothy intends to depose hold the information Timothy seeks from Mr. Castleton. The Court therefore finds that Timothy has failed to establish that any information she seeks from Mr. Castleton cannot be obtained through some other discovery.

Accordingly, at this point, the Court will quash any subpoena issued for Mr. Castleton in connection with this case. Perhaps, at some later time, Timothy will be able to meet this high standard. That time, however, is not now.

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Subpoena and Motion for Protective Order (Dkt. 27) is GRANTED in part and DENIED in part. Defendants request to stay all discovery is denied, but Defendants' request to quash Mr. Castleton's subpoena is granted.

DATED: July 9, 2015

B. Lynn Winmill
Chief Judge
United States District Court