Bruce J. Castleton     [ISB No. 6915]
Tyler D. Williams     [ISB No. 8512]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Suite 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: bjc@naylorhales.com; tdw@naylorhales.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER S. TIMOTHY, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>ONEIDA COUNTY, a political subdivision of the State of Idaho; DUSTIN W. SMITH, individually and in his capacity as Prosecuting Attorney for Oneida County, Idaho; SHELLEE DANIELS, DALE F. TUBBS and MAX C. FIRTH, individually and in their capacities as Oneida County Commissioners,<br><br>          Defendants. | Case No. 4:14-cv-00362-BLW<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**[1] |

Defendants Oneida County and Dustin Smith ("Oneida County Defendants"), by and through

their attorneys of record, the law firm of Naylor & Hales, P.C., hereby submit this Memorandum in

---

[1] As requested by the Court during meet and confer communications, Defendants would also refer the Court's attention to Plaintiff's pending Motion for Continuance of Defendants' Motion for Partial Summary Judgment (Dkt. No. 50), which also presents discovery issues that need to be resolved by the Court in order for the Parties to fully conclude discovery.

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 1.**

Support of Motion for Protective Order. As shown below, the Court should enter an appropriate order limiting discovery related issues involving "Exhibit L" and part-time secretarial services.

## I.  LEGAL STANDARD FOR PROTECTIVE ORDER

Rule 26 of the Federal Rules of Civil Procedure provides that the Court, upon good cause shown by the moving party and certification of a good faith attempt to meet and confer, may enter a protective order protecting a party from discovery "annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c); *see also Seattle Times v. Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984) (discussing protective orders). The rule provides for a broad range of non-exhaustive protections, including forbidding inquiry or limiting the scope of discovery into certain matters. *See* F.R.C.P. 26(c)(1)(A-H). "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co.*, 467 U.S. at 36. Accordingly, the decision to issue a protective order is subject to the discretion of the court. *Id.*; *see also Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) (discussing court's discretion).

## II.  ARGUMENT

This motion for protective order relates to two discovery issues. The first relates to a document produced in discovery ("Exhibit L") that is confidential and is not subject to disclosure under the rules governing the Idaho State Bar complaint process and the Idaho Court Administrative Rules. Exhibit L was improperly obtained in a public records request, even though litigation in this case had already commenced. The second relates to discovery into the issue of part-time secretarial payments in the Oneida County Prosecutor's Office. While the Court allowed initial discovery into this subject matter, the discovery propounded to date has become grossly excessive to the slight relevance of this case, is unduly burdensome and oppressive, and serves mainly to attempt to prove

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 2.**

criminal charges that a special prosecutor (and now the State Attorney General's Office) has already chosen not to pursue. In short, the discovery sought on this issue is highly disproportionate to its relevance.

The parties have attempted to resolve these issues between themselves and, pursuant to the Court's case management order, with the assistance of the Court's law clerk. However, this did not resolve the dispute and therefore this motion for protective order is necessary. In this case there is good cause to issue a protective order limiting discovery into the issues discussed below.

## A.     The Court Should Enter a Protective Order Barring Discovery into the August 2014 Smith Letter Because it is a Confidential Document

### 1.     Background to Need for Protective Order

Plaintiff has sought discovery regarding a confidential letter written by Defendant Dustin Smith to the Idaho State Bar in August 2014. The letter was in response to a bar complaint made against Smith by Oneida County Sheriff Jeff Semrad, a non-party witness in the current litigation. Smith's letter was written directly to the Idaho State Bar and its sole purpose was to defend Smith against Semrad's allegations of misconduct. Smith only provided it to the Bar and has not otherwise disclosed the letter or authorized anyone to disclose it on his behalf. Semrad would have received a copy of the letter as the complainant. The Bar ultimately declined to take further action and no formal charges were filed against Smith under the Idaho Bar Commission Rules.  However, after this litigation commenced, Plaintiff's counsel improperly submitted a public records request on or about May 11, 2015, directly to Sheriff Semrad, who improperly produced the confidential Smith letter to them and Plaintiff has since attempted to use the letter in discovery.[2]

---

[2]It is relevant to note that Sheriff Semrad has cooperated and worked with Plaintiff and her counsel in numerous and material ways throughout this lawsuit, including communicating with Plaintiff's counsel directly in assisting them in gathering documentation and other information

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 3.**

Former defendant Max Firth and a witness Lon Colton (the Oneida County Clerk) were deposed on October 14, 2015. During each deposition, Plaintiff's counsel inquired into the Smith letter. At that point, counsel for the Defendants were still looking into the confidentiality of the document and the parties agreed to place those portions of the Firth and Colton depositions relating to the Smith letter under seal so that their testimony regarding the letter could be easily segregated from their other deposition testimony.[3]

Additional depositions were scheduled for October 16, 2015 (of former Defendants Shellee Daniels and Dale Tubbs). However, after consulting with Idaho State Bar counsel regarding the confidentiality of the document, Defense counsel informed Plaintiff's counsel of the Defendants' position that the Smith letter was confidential and not subject to disclosure under I.B.C.R. 521(b) and ICAR 32(g)(26), and that Defense counsel would accordingly instruct Daniels and Tubbs not to answer questions regarding the letter, but would otherwise be available for their depositions that day.  In response, Plaintiff's counsel chose to postpone these depositions until this matter could be resolved by the Court. The parties have also agreed to postpone the deposition of Dustin Smith, which was scheduled for October 20, until this matter is resolved.

**2.      The August 2014 Smith Letter is Confidential**

Under the Idaho Bar Commission Rules it is clear that all documents related to a Professional Conduct matter are confidential prior to the filing of Formal Charges. I.B.C.R, subject to limited exceptions that do not apply here. 521(a), (b). Thus, where there are no Formal Charges brought and

---

regarding Plaintiff's claims. Sheriff Semrad is plainly sympathetic to Plaintiff's claims and is hostile to Smith in this matter.

[3]By agreeing to place this testimony under seal Plaintiff's counsel did not agree with Defendant's position, but were merely agreeing to administratively segregate those portions of deposition testimony and preclude its dissemination to the public.

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 4.**

there is no applicable exception, such documents remain confidential. *Id.* More so, Idaho Court Administrative Rule 32(g)(2) also holds that this type of letter is "exempt from disclosure" and confidential, and further that "[a]ny willful or intentional disclosure of a confidential court record may be treated as a contempt of court." *Id.* This type of document, i.e., "records of the Idaho State Bar relating to attorney discipline[,]" are considered court records under this rule.

Sheriff Semrad should never have disclosed this record to Plaintiff's counsel, where by law it is a confidential document not subject to disclosure (and therefore not subject to discovery) in a civil proceeding. Significantly, Smith has <u>never</u> waived the confidentiality of the letter nor do any of the exceptions to confidentiality apply (*see* I.B.C.R. 521(b)(1)-(4)[4].  In short, the Smith letter simply should have never been disclosed by Semrad and should not be utilized in this case.

This is especially the case where Plaintiff obtained the Smith letter improperly through a May 11, 2015 public records request to Sheriff Semrad in his capacity as the Oneida County Sheriff, even though this lawsuit had already commenced. The Idaho Public Records Law is not "available to supplement, augment, substitute or supplant discovery procedures" in any federal or state civil action. I.C. § 74-115(3). The correct mechanism would have been a discovery request to Oneida County. Even if Plaintiff believed that the Sheriff's Office was separate from the County (which it is not), then at the very least she should have issued a third-party subpoena. Under either approach, Defense counsel would have had the opportunity to review the request and lodge any objection prior to it being produced. Instead, Plaintiff short-circuited the discovery process by improperly issuing

---

[4]The exception raised by Plaintiff–Bar Rule 521(b)(3)–does not make documents eligible for disclosure, but simply allows the Bar to confirm the pendency, subject, and status of a matter if one of the exceptions are met.

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 5.**

a public records request to Sheriff Semrad directly, and Defendants were not aware of it until after the document had been produced.

### 3. The Court Should Enter a Protective Order Prohibiting Discovery into the Smith Letter

Because the Smith letter is confidential, was improperly sought in a public records request and improperly disclosed by Sheriff Semrad, and has not been waived by Smith, Defendants request that the Court issue a protective order: (1) placing the confidential August 2014 Smith letter under seal to the extent it has been used in this litigation; (2) prohibiting its further use or dissemination in this litigation; and (3) prohibiting discovery into the letter.

## B. The Court Should Enter a Protective Order Limiting Discovery into the Issues of Part-time Secretarial Payments Because the Discovery Is Grossly Disproportionate to this Issue's Relevance in this Case

### 1. Background to Need for Protective Order

As more fully alleged in Plaintiff's Second Amended Complaint, in January 2012 Defendant Dustin Smith and the Oneida County Commissioners came to an agreement whereby Smith would receive a monthly amount for secretarial services performed for the Oneida County Prosecutor's Office. Thereafter, from January 2012 through March 2014, Smith made monthly requests for such payments to Oneida County, which were almost all approved by the Oneida County Commissioners. In early 2012, Plaintiff without Smith's knowledge, went to Sheriff Semrad and informed him about these payments and questioned whether they were legal.

Semrad instructed Timothy to keep monitoring these payments to Smith and that at some point the Sheriff would investigate this issue. In late 2013, Semrad began his investigation into these payments, and ultimately he requested that the Idaho State Police open an official investigation into the matter. The ISP, through Lieutenant Kyle Fullmer, did so and he began investigating this issue

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 6.**

in early 2014. It was during the time Lt. Fullmer was investigating this issue that Dustin Smith placed Timothy on notice of disciplinary action in February 2014, and then subsequently terminated her employment on March 17, 2014.

On March 18, 2014, the Oneida County Commissioners filed a Petition for Appointment of a Special Prosecutor with the local state district court, seeking the appointment of Mark Heideman as a special prosecutor to handle the criminal investigation relating to Dustin Smith and the part-time secretarial payments. That Petition was granted by the Court on that same day (March 18, 2014) and thereafter Mark Heideman assumed his role as the Special Prosecutor over the investigation. On April 23, 2014, Heideman announced his decision not to bring criminal charges against any individual relating to the matter. More recently, on January 7, 2016, the Office of the Attorney General for the State of Idaho also sent a letter to James Smith indicating it would not be pursuing any criminal charges against Smith (after Plaintiff's uncle had requested the AG's office to do so).

Plaintiff's theory is that the issue of the part-time secretarial payments is relevant because the actions off Smith and the former defendants (the county commissioners) were potentially illegal and therefore there was an improper motivation to terminate Plaintiff in 2014 and deny her due process in order to cover up their own criminal wrongdoing. In short, this is a theory of <u>motivation</u>, with Plaintiff claiming that the allegedly wrongful actions of Smith and the Commissioners motivated them to take action against Plaintiff to protect themselves.

### 2. Plaintiff's Discovery on the Issue of Part-Time Secretarial Payments is Grossly Disproportionate to its Relevance in this Case

The newly amended Rule 26 of the Federal Rules of Civil Procedure provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense <u>and is proportional to the needs of the case</u>, considering the

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 7.**

importance of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit. Information within this scope of discovery
need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1) (emphasis added).

As the Advisory Committee Notes to the amended rule make clear, "[t]he new sentence is
intended to encourage judges to be more aggressive in identifying and discouraging discovery
overuse." F.R.C.P. 26(b)(1), 2015, Amendment Advisory Committee Notes. One federal court in this
circuit recently articulated: "[a] fundamental principle of the amended rule is that 'lawyers must size
and shape their discovery requests to the requisites of a case.'" *Roberts v. Clark Cnty. Sch. Dist.*, 2016
WL 123320 at 7 (D. Nevada Jan. 11, 2016) (emphasis).

To date, however, Plaintiff has devoted an inordinate amount of discovery into the issue of
potential criminal culpability of Smith and the county commissioners related to the authorization of
part-time secretarial services performed by Dustin Smith's wife in 2012 through 2014, even though
this issue has limited relevance. This issue came to a head with Plaintiff's Rule 30(b)(6) deposition
notice, which contains thirteen topics, ten of which relate only to the issue of the part-time secretarial
payments. More so, Plaintiff still intends to depose several witnesses (Dustin Smith, Commissioners
Daniels and Tubbs, and former Commissioner Cecil Sweeten), which depositions would also focus
either exclusively on the issue of the part-time secretarial payments, or that issue would control the
majority of questions asked of the witnesses. This is evidenced by the fact that the discovery
previously requested by Plaintiff has included four depositions focused exclusively on the issue of
part-time secretarial payments (Sheriff Semrad, Lt. Fullmer, Mark Heideman, and Christine Smith),
depositions of former Defendant Commissioner Max Firth and Oneida County Clerk Lon Colton

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 8.**

wherein the vast majority of questions posted related to the part-time secretarial payments, and now the more recent Rule 30(b)(6) notice with ten out of thirteen topics about the part-time secretarial payments.  It would be a conservative estimate that <u>at least, if not more than, 75%</u> of all discovery by the Plaintiff to date has been directed to the part-time secretarial services issue alone. And, Plaintiff has also requested to depose at least three additional non-party witnesses regarding these issues (Shellee Daniels, Dale Tubbs, and Cecil Sweeten).

Significantly, however, discovery has yet to reveal any facts indicating or even implying that anyone but Smith made the decision to terminate Timothy, or that the commissioners played any role at all in that decision. In fact, the Court dismissed the commissioners individually and the only remaining defendants are Smith and the County itself.

More so, Defendants have acknowledged that Plaintiff had a good faith basis to bring her allegations to Sheriff Semrad and to participate in the ISP investigation. These things form core elements of Plaintiff's state whistleblower claim and her Section 1983 free speech claim. Therefore, there is no reasonable basis for Plaintiff to continue her attempts to conduct further discovery into the matter of her participation in this investigation and her role in reporting matters to Sheriff Semrad. In other words: <u>Plaintiff need not actually prove that Smith or any commissioner violated the law in order to prevail on any of her claims</u>. Such proof is simply not an element of any claim and is therefore not relevant here.

Yet, what is taking place is obviously an attempt by Plaintiff to re-construct and try the criminal issues relating to the part-time secretarial payments instead of trying to prove whether her termination was lawful or her due process rights (if any) denied. In fact, Plaintiff has given merely

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 9.**

token attention to the issues that are at the core of her case, including the decision relating to her termination and her pre- and post-termination hearing requests.

Significantly, the Court has already stated in its decision on Defendants' motion to dismiss, with respect to Plaintiff's conspiracy claims that she "must do more than allege the conspirators had common interests or motivations; she must point to facts showing that these defendants reached an agreement to deprive her of her constitutional rights." (Dkt. 20 at 20-21.) This statement bears on the present issue as well: Plaintiff cannot show that she was wrongfully terminated merely by showing that there was a motivation to see her terminated, she must have facts showing that such motivation was actually possible at the time the decision was made and did in fact play a role in her termination. Yet, Plaintiff's discovery to date has focused almost exclusively on the issue of motivation and there is no indication that this discovery approach will change, absent court intervention.   This approach has unnecessarily driven up costs, wasted time and expenses and significantly has required Smith and the former defendant county commissioners to retain private criminal defense counsel in order to deal with these issues. Given the only slight relevance of the part-time secretarial  payments, this is unduly burdensome, expensive and grossly disproportionate, especially where: (1) Defendants concede that Plaintiff reported alleged criminal conduct in good faith and appropriately participated in the investigation therein; and (2) proof of the alleged underlying criminal conduct by Smith or any county commissioner is <u>not an element of any claim in this case</u>.

**3.     The Court Should Enter a Protective Order Limiting Discovery into the Issue of Part-Time Secretarial Payments**

Defendants request that the Court enter a protective order limiting discovery such that no further discovery is had into the issue of part-time secretarial payments other than the deposition of

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 10.**

Dustin Smith.[5]  Defendants would be agreeable to allowing this issue to be discussed during Smith's personal deposition and, if Plaintiff would like, to devote a portion of that deposition as a limited Rule 30(b)(6) deposition topic for Smith. However, it is inappropriate to continue to push this issue with other witnesses.

### IV. CONCLUSION

As shown above, the Court should enter a protective order as requested.

DATED this 1st day of February, 2016.

NAYLOR & HALES, P.C.

By /s/ Bruce J. Castleton, Of the Firm
Attorneys for Defendants
Email: bjc@naylorhales.com

### *CERTIFICATE OF SERVICE*

I hereby certify that on the 1st day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Carol Tippi Jarman, ctj@racinelaw.net          Richard A. Hearn, rick@hwlawpro.com
Stephen J. Muhonen, sjm@racinelaw.net          *Attorney for Plaintiff*
*Attorneys for Plaintiff*

/s/ Bruce J. Castleton

9271_27 Defs' Memo re Protective Order (2-1-16).wpd

---

[5]For a more full memorialization of the issues and positions of the Parties, Defendants would point the Court to the attached meet and confer correspondence between the Parties.  Contained therein these Defendants have offered that Dustin Smith be deposed without restriction as to subject matter other than as the Federal Rules allow (excepting Exhibit L).

**DEFENDANTS' MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER - 11.**